Law Offices of Vincent S. Wong
Vincent S. Wong. Esq.
39 East Broadway, Suite 306
New York, NY 10002
T: (212) 349-6099
F: (212) 349-6599
*Attorneys for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
Jack So,

                                          Civil Action No.

                    Plaintiffs,
        v.

                                          **COMPLAINT**

Ziv Sidi, Natalia Virych, and Zound Pro LLC

                    Defendants.
-------------------------------------------------------------x

Plaintiffs, Jack So, by their undersigned attorneys, the Law Offices of Vincent S. Wong, complaining of defendants hereby states:

**PRELIMINARY STATEMENT**

      1.     Plaintiffs bring this action against the defendants Ziv Sidi, Natalia Virych, and Zound Pro LLC (hereinafter, collectively, "Defendants") to recover damages, he is: (i) entitled to unpaid wages from Defendants for work performed for which they received no compensation at all or less compensation then required by minimum wage law; (ii) unpaid wages for overtime work for which they did not receive overtime premium pay, as required by law, and (iii) liquidated damages, declaratory relief, costs, interest and attorney fees pursuant to the FLSA (29 U.S.C. §§201 et seq.) and NYLL (New York Labor Law §§ 650 et seq. and other appropriate rules, regulations, statutes and ordinance governing minimum and overtime wages, spread of hours, and notices and statements of rates of pay).

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action, pursuant to 29 U.S.C. § 201 et seq. and 28 U.S.C. § 1331.

3. This Court has jurisdiction over the State Law claim pursuant to 28 USC § 1367 since it is so related to the FLSA claim that it forms part of the same case or controversy.

4. This Court has personal jurisdiction over Defendants because they are engaged in business within the State of New York, and the events complained of occurred in New York.

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because it is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## THE PARTIES

6. Plaintiff Jack So is an individual resident of the City and State of New York.

7. Upon information and belief Defendant Zound Pro LLC ("ZOUND PRO") is a domestic limited liability corporation located at 257 West 117th Street New York NY 10026.

8. At relevant times, defendant ZOUND PRO has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

9. At all relevant times, defendant ZOUND PRO has had gross revenues in excess of $500,000.00.

10. Upon information and belief, at relevant times herein, defendant ZOUND PRO has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

11. Upon information and belief, at relevant times, defendant ZOUND PRO has constituted an "enterprise" as defined in the FLSA.

12. Upon information and belief defendant ZOUND PRO was an employer of Plaintiffs.

13. Upon information and belief Defendant Ziv Sidi is an individual who is an owner or part owner, manager, and principal of defendant ZOUND PRO, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

14. Upon information and belief, defendant Ziv Sidi was involved in the day-to-day operations of defendant ZOUND PRO and played an active role in managing the business.

15. Upon information and belief Defendant Natalia Virych is an individual who is an owner or part owner, manager, and principal of defendant ZOUND PRO who has the power to hire and fire employees, set wages and schedules, and maintain their records.

16. Upon information and belief, defendant Natalia Virych was involved in the day-to-day operations of defendant ZOUND PRO and played an active role in managing the business.

17. Defendants are employers within the meaning of the FLSA and New York Labor Law.

18. Upon information and belief that Defendants have had continuous, regular, and systematic contact in/with the State of New York.

## STATEMENT OF FACTS

19. Defendant ZOUND PRO is a business which handles interior design, acoustical planning, and installation and setup.

20. Plaintiff Jack So was employed primarily as a person who assisted with projects for the company.

21. This work included reviewing documents submitted by clients, preparing lists of costs and expenses for the company on each project, filing measurements and other documents, and submitting documents from the company to architects, subcontractors, or clients.

22. Plaintiff Jack So work was performed in the normal course of defendants' business and was integrated into the business of defendants, and did not involve executive or administrative responsibilities.

23. Plaintiff Jack So was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

24. Plaintiff Jack So was employed by Defendants from approximately August 29, 2016 to November 10, 2017.

25. Plaintiff Jack So normally worked Monday to Friday. He normally worked from approximately 8am to approximately 6pm, with de minimis or no breaks. However, he usually worked an extra 30 minutes to an hour, one or two days per week.

26. Plaintiff Jack So was usually paid every two weeks, however there were approximately 9 pay periods in which Plaintiff was not paid at all.

27. From August 2016 to April 2017, Plaintiff was paid approximately $1,700 per pay period.

28. From May 2017 onwards, Plaintiff was paid approximately $1,750 per pay period.

29. Defendants did not pay Plaintiff minimum wage, overtime compensation, and spread of hours compensation required by both the Fair Labor Standards Act and New York Labor Law.

30. Defendants' failure to pay Plaintiff an amount at least equal to the Federal or New York State minimum wages in effect during all relevant time periods was willful, and lacked a good faith basis.

31. In addition, Defendants failed to pay Plaintiff any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

32. Defendants' failure to pay Plaintiff the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

33. Defendants did not provide Plaintiff with proper wage stubs of hiring statements as required by law.

34. Defendants failed to provide Plaintiff with written notices providing the information required by the Wage Theft Prevention Act – including, inter alia Defendants' contact information, his regular and overtime rates, and intended allowances

claimed – and failed to obtain his signatures acknowledging the same, upon his hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

35. Defendants failed to provide Plaintiff with weekly records of his regular and overtime compensation and hours worked, in violation of the Wage Theft Prevention Act.

36. Upon information and belief, while Defendants employed Plaintiff, and through all relevant time periods, Defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

37. Upon information and belief Defendants took steps to hide knowledge of employee rights from Plaintiffs.

38. The Defendants failed to post notices of the Defendants' employees' rights under the law, required by 29 C.F.R. § 516.4.

39. The Defendants failed to post notices of the Defendant's employees' rights under the law, required by N.Y. Lab. Law § 661 and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.8.

## COUNT I

### (Fair Labor Standards Act – Minimum Wage)

40. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

41. At all relevant times, defendants employed Plaintiffs within the meaning of the FLSA.

42. Defendants failed to pay a salary greater than the minimum wage to Plaintiffs for all hours worked.

43. As a result of Defendants' willful failure to compensate Plaintiffs at a rate at least equal to the federal minimum wage for each hour worked, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 206.

44. Upon information and belief Defendants took steps to hide knowledge of employee rights from Plaintiffs.

45. The Defendants failed to post notices of the Defendants' employees' rights under the law, required by 29 C.F.R. § 516.4.

46. Because of the Defendants' failure to post notices of the Defendants' employees' rights under the law, the plaintiffs are entitled to the equitable tolling of their claims during the time that the defendant failed to post such notices.

47. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

48. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (New York Labor Law – Minimum Wage)

49. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

50. At all relevant times, Plaintiffs were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

51. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

52. The Defendants failed to post notices of the Defendant's employees' rights under the law, required by N.Y. Lab. Law § 661 and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.8.

53. Because of the Defendants' failure to post notices of the Defendants' employees' rights under the law, the plaintiffs are entitled to the equitable tolling of their claims during the time that the defendant failed to post such notices.

54. Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

55. Due to defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT III

### (New York Labor Law – Spread of Hours)

56. Plaintiffs repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

57. At all relevant times, Plaintiffs were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

58. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs an additional hour's pay at the minimum wage for each day he worked more than ten hours, in violation of the New York Labor Law §§ 650 et seq. and its regulations in 12 N.Y.C.R.R. § 146-1.6.

59. Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

60. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid compensation, liquidated damages, interest reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT IV

### (New York Labor Law – Wage Theft Prevention Act)

61. Plaintiffs repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

62. At all relevant times, Plaintiffs were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

63. Defendants willfully violated Plaintiffs' rights by failing to provide Plaintiffs with the wage notices required by the Wage Theft Prevention Act when they were hired, or at any time thereafter.

64. Defendants willfully violated Plaintiffs' rights by failing to provide Plaintiffs with weekly wage statements required by the Wage Theft Prevention Act at any time during his employment.

65. Due to defendants' New York Labor Law violations relating to the failure to provide compliant, accurate paystubs, Plaintiffs are entitled to recover from the Defendants statutory damages, up to the maximum statutory damages.

66. Due to Defendants' New York Labor Law violations relating to the failure to provide wage notices, Plaintiffs are entitled to recover from the Defendants statutory damages up to the maximum statutory damages.

## COUNT V

### (Fair Labor Standards Act - Overtime)

67. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

68. At all relevant times, defendants employed Plaintiff within the meaning of the FLSA.

69. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to Plaintiff for hours he worked in excess of forty hours per workweek.

70. As a result of defendants' willful failure to compensate Plaintiff at a rate at least one-and-one half times the regular rate of pay for work performed in excess of forty hours per workweek, Defendants have violated the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

71.     The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

72.     Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants her unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT VI

### (New York Labor Law - Overtime)

73.     Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

74.     At all relevant times, Plaintiff was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

75.     Defendants willfully violated Plaintiff's rights by failing to pay his overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

76.     Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

77. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants her unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and §663(1).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs demand a judgment be granted for the following relief:

a. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

b. Compensatory damages for failure to pay the minimum wage pursuant to the FLSA and New York Labor Law;

c. An award of liquidated damages as a result of defendants' willful failure to pay the statutory minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

d. Compensatory damages for failure to pay the "spread of hours" premiums required by New York Labor Law;

e. Liquidated damages for defendants' New York Labor Law violations;

f. Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

g. Back pay;

h. Punitive damages;

i. Compensatory damages for Plaintiffs vehicles related expenses;

j. An award of prejudgment and post judgment interest;

k. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

l. Such other, further, and different relief as this Court deems just and proper.

Dated: New York, New York
December 7, 2018

Respectfully submitted,

/s/Vincent S. Wong
Vincent S. Wong, Esq. (VW9016)